

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3458
Re: Judgment for taxes delinquent
on an oil and gas lease which
has expired.

Along with your letter of April 22, 1941, you
sent us copy of a judgment entered on April 17, 1941, in
the case of State of Texas vs. Port Oil & Gas Company,
Inc., et al, No. 22520-B in the 117th Judicial District
Court of Nueces County.

From the judgment it appears that the State of
Texas was plaintiff and Port Oil & Gas Company, Inc.,
Producers Supply & Tool Company and Houston National Bank
of Houston were defendants. The judgment recites that
the plaintiff came by and through the county attorney of
Nueces County and the defendants by their attorneys of
record and announced in open court that the parties had
agreed upon a compromise subject to approval by the court,
and as set out in the judgment.

It further appears that Aaron Cohen was the fee
owner of certain land and had executed an oil and gas
lease thereon which had been held by Port Oil & Gas Company,
Inc., but that such oil and gas lease had been forfeited
or had expired, the leasehold estate reverting to the fee
owner. Certain taxes had accrued during the existence of
the lease, apparently having been separately assessed
against the leasehold estate. The termination of the
lease had been established theretofore by a decree to that
effect in the United States District Court. In the judg-
ment it was found that the total amount of taxes due on

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Geo. H. Sheppard, Page 2

such leasehold estate was the sum of $986.62. Of that amount the sum of $100.00 was tendered into court and it was decreed that the plaintiff should have merely a personal judgment against the Fort Oil & Gas Company, Inc., for the balance of $796.62, with interest at six percent and costs of suit. It was further ordered that any asserted lien for taxes against the theretofore existing leasehold estate should be and was expressly removed, and the cloud cast thereupon was in the judgment removed and vacated.

You request us to advise you whether or not the tax assessor-collector of Nueces County should recognize the judgment and accept the payment of $100.00 and issue a receipt for such amount and also issue certificates cancelling the balance of the taxes charged on her delinquent tax roll, as well as the current taxes for the year 1940.

It would serve no purpose here for us to go into the merits of the case concluded by the above judgment. For, it is the judgment of a court of competent jurisdiction, in a suit for taxes in which the parties were before the Court, the State represented by it's attorney provided for by the Constitution and statute. Since, however, the time for appeal has not expired and the question involved in the suit was a debatable one, we think it advisable for the Tax Assessor-Collector of Nueces County to refrain from issuing receipts and certificates in recognition of the judgment until the same has become final. If the time within which an appeal may be perfected passes without such being done, in our opinion, the judgment should then be honored and your question should be answered in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

APPROVED MAY 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:lh

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN